J-A10029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISHMIR RA | : | |
| | : | |
| Appellant | : | No. 4040 EDA 2017 |

Appeal from the Judgment of Sentence September 25, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0007935-2016

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 29, 2019**

Ishmir Ra appeals from the judgment of sentence imposed on September 25, 2017, in the Court of Common Pleas of Delaware County, following his jury convictions of one count each of access device fraud and fleeing or attempting to elude a police officer.[1]  On appeal, Ra claims that the evidence was insufficient to sustain his conviction for access device fraud.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's August 9, 2018 opinion and our independent review of the certified record.  On March 1, 2014, Ra attempted to use a credit card to purchase a carton of cigarettes from a Wawa in Havertown, Delaware County,

_____

[1] 18 Pa.C.S.A. § 4106(a)(1)(i) and 75 Pa.C.S.A. § 3733(a), respectively.

but the credit card, along with several other credit cards, were declined. N.T. Trial, 8/16/2017, at 31-34. Michael Anthony Bahnatka, the assistant manager of the store, testified that Ra's name was on the credit card and the signature on the back of the card matched that on Ra's driver's license but Bahnatka could not get the card through. *Id.* at 33-36, 47. Bahnatka, who had received training in credit card fraud, became suspicious that the card might be fraudulent and asked Ra for another form of payment. *Id.* at 37. Ra fled the store; Bahnatka recorded information about Ra's vehicle and immediately contacted police. *Id.*

Officer Corey Watkins, of the Haverford Township Police Department, responded to the call and spotted Ra's vehicle. *Id.* at 66-67. When Officer Watkins activated his lights and sirens, Ra sped away. *Id.* at 68. A chase ensued; Officer Watkins was able to approach Ra's vehicle when he stopped at an intersection but when Officer Watkins got within ten feet of the vehicle, Ra drove around him and continued to flee at a high rate of speed. *Id.* at 67-80. Officer Watkins observed Ra throw various items out of his windows, which he later established were credit cards. *Id.* at 80-81. Officer Watkins believed that the credit cards were fraudulent because seven of the nine retrieved cards had identical or similar user authorizations, security numbers, and bank information, which often did not match the bank information on the front of the card. *Id.* at 80-91.

On August 16, 2017, the jury convicted Ra of the above-mentioned offenses, but acquitted him of two other counts of access device fraud. On September 25, 2017, the trial court sentenced Ra to 30 to 84 months' imprisonment for fleeing and eluding. The court did not impose any additional sentence for access device fraud. Ra filed a post-sentence motion, which the court denied on November 14, 2017. The instant, timely appeal followed.[2]

In his only issue on appeal, Ra claims that the evidence was insufficient to sustain his conviction for access device fraud because "the Commonwealth failed to present any evidence that the credit card used by [Ra] to purchase a carton of cigarettes was counterfeit, altered or incomplete." Ra's Brief at 10. We disagree.

Our standard of review of a sufficiency claim is well settled:

Our standard for evaluating sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the Commonwealth [as verdict winner], is sufficient to enable a reasonable [factfinder] to find every element of the crime beyond a reasonable doubt. [T]he entire trial record must be evaluated and all evidence actually received must be considered, whether or not the trial court's rulings thereon were correct. Moreover, [t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

---

[2] In response to the trial court's order, Ra filed a timely concise statement of errors complained of on appeal on January 10, 2018. On August 9, 2018, the trial court issued an opinion.

*Commonwealth v. Shull*, 148 A.3d 820, 844 (Pa. Super. 2016) (citation omitted).

An individual commits access device fraud: "If he uses an access device to obtain or in an attempt to obtain property or services with knowledge that the access device is counterfeit, altered or incomplete[.]" 18 Pa.C.S.A. § 4106(a)(1)(i). The finder of fact may infer consciousness of guilt from the circumstances surrounding flight. *Commonwealth v. Johnson*, 838 A.2d 663, 681 (Pa. 2003) (citation omitted), *cert. denied*, 543 U.S. 1008 (2004).

Initially, we note that Ra has failed to provide any legal support for his claim that the evidence was insufficient to sustain his conviction for access device fraud. Ra's Brief, at 11-13. Moreover, his argument is based, in its entirety, on viewing the facts in the light most favorable to himself, and, in some instances, on clear misstatements of the evidence. *See id.*

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, *see Shull*, *supra* at 844, our review of the evidence confirms that Ra attempted to use several credit cards while trying to buy a carton of cigarettes at Wawa. This satisfies the first element.

There was also sufficient circumstantial evidence to show that the cards were fraudulent. Namely, Mr. Bahnatka testified that, based upon his training, he was aware that individuals using fraudulent credit cards often attempt to buy cigarettes. N.T. Trial, 8/16/2017, at 36-37. The testimonial and videotape evidence showed that Ra tried to use several credit cards; he tried

one in particular several times, but all were declined, and Mr. Bahnaka, using a different register, was still unable to complete the purchase. *Id.* at 33, 36, 44-46. The cards recovered by Officer Watkins after Ra flung them out the window of his car bore indicia of fraud; seven of the nine cards had identical or similar user authorizations, security numbers, and bank information. *Id.* at 80-91. Moreover, the bank information on the back of the cards did not match bank information on the front of the cards. *Id.*

Lastly, Ra's actions showed his knowledge that the cards were fraudulent. When Mr. Bahnatka asked him for another form of payment, Ra abruptly left the store. *Id.* at 36-37. Moreover, when Ra became aware that Officer Watkins was trying to make a motor vehicle stop, he fled, flinging credit cards through the window, while driving recklessly at a high rate of speed and eluding the police. *Id.* at 68-81.

Thus, this evidence was sufficient to sustain Ra's conviction for access device fraud. *See* 18 Pa.C.S.A. § 4106(a)(1)(i); *Johnson*, *supra* at 681; *Shull*, *supra* 844. Ra's claim fails.

In light of the foregoing, Ra is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/19